**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JASON ALAN GRIGGS,
DERENDA HANCOCK,
L. KIM GIBSON,
MISSISSIPPI HUMANIST ASSOCIATION,
and AMERICAN ATHEISTS, INC.**                                    **PLAINTIFFS**

**VS.**                                                    **CASE NO. 3:21-cv-00416-CWR-LGI**

**CHRIS GRAHAM, JONATHON TATE REEVES,
LYNN FITCH, DAVID MCRAE, SHARON NASH BARNETT,
EDDIE J. FAIR, KAY PACE AND CAROLINE GILBERT,**
*each in his or her official capacity*                                    **DEFENDANTS**

---

**SEPARATE ANSWER AND DEFENSES OF DEFENDANT CAROLINE GILBERT,
IN HER OFFICIAL CAPACITY AS TAX COLLECTOR OF RANKIN COUNTY,
MISSISSIPPI TO PLAINTIFFS' AMENDED COMPLAINT**

---

### INTRODUCTION

Defendant Caroline Gilbert, who is the Tax Collector of Rankin County, Mississippi,

("Defendant" or "Gilbert") answers the Amended Complaint [11] filed against her in her official

capacity by Plaintiffs Jason Alan Griggs, Derenda Hancock, L. Kim Gibson, Mississippi

Humanist Association, and American Atheists (collectively, "Plaintiffs") as follows:

### FIRST DEFENSE

Defendant alleges a lack of subject matter jurisdiction, and therefore moves for dismissal.

### SECOND DEFENSE

Defendant alleges a lack of personal jurisdiction predicated on insufficiency of process.

### THIRD DEFENSE

Defendant alleges insufficiency of process.

04026725                                    1

**FOURTH DEFENSE**

Plaintiffs' Amended Complaint fails to state a claim against Defendant upon which relief can be granted, and therefore Defendant moves for dismissal.

**FIFTH DEFENSE**

Defendant alleges a misjoinder of parties.

**SIXTH DEFENSE**

Plaintiffs' Amended Complaint fails to join necessary and/or indispensable parties, and Defendant moves for joinder or, alternatively, for dismissal.

**SEVENTH DEFENSE**

Plaintiffs lack standing.

**EIGHTH DEFENSE**

Defendant affirmatively pleads the provisions and protections of the Eleventh Amendment of the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiffs' claims.

**NINTH DEFENSE**

Defendant alleges that the great seal of the State of Mississippi, featured as a small watermark in Mississippi's standard license plate design, and in which the words "IN GOD WE TRUST," incorporated in the seal, are not legible or even visible except upon close inspection, does not constitute an actionable message, compel expressive conduct, or inhibit or impair the free exercise of religion, and Plaintiffs' claims are no actionable and should be dismissed.

**TENTH DEFENSE**

Without waiving the above defenses, Defendant responds to the Amended Complaint, paragraph by paragraph, as follows:

04026725                                    2

1.      Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

2.      Defendant admits that since 2019, Mississippi's standard license plate has displayed the great seal of the State of Mississippi, which contains, among other features, the words "IN GOD WE TRUST." Whether these words constitute "an ideological, religious message" as alleged in Paragraph 2 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant admits that specialty license plates are available at the election of Mississippi vehicle owners for an additional fee. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4.      Except to state that the characters in personalized license plates are superimposed over the great seal of the State of Mississippi, Defendant admits that the standard license plate design, bearing the great seal of the State of Mississippi, is the exclusive license plate design that is presently available for personalized license plates. Defendant denies the remaining allegations contained in paragraph 4 of Plaintiffs' Amended Complaint and specifically denies that there is anything "perverse[]" about the State of Mississippi's standard license plate design.

5.      Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint.

6.      Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint.

7.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint and specifically denies that "Mississippi must offer car owners an alternative to the Standard Tag at no additional cost" as alleged in Paragraph 7 of Plaintiffs' Amended Complaint.

8.     The allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint appear to be statements of intent, and as such require no response from Defendant. If, however, Defendant is mistaken in his belief, and a response is necessary and/or the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint are intended to or do adversely affect Defendant or anyone affiliated with Defendant, then except to state that the law, where applicable, will speak for itself, Defendant denies all such allegations.

9.     Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint and specifically denies that the great seal of the State of Mississippi, which in part bears the national motto of the United States of America, see 36 U.S.C. § 302, "operate[s] to impose on the Plaintiffs language with a long and substantial history of hostility toward atheists and other non-Christians" as alleged in Paragraph 9 of Plaintiffs' Amended Complaint.

**PARTIES**

10.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint and therefore denies the same.

11.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint and therefore denies the same.

12.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint and therefore denies the same.

13.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint and therefore denies the same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint and therefore denies the same.

15.     Except to state that that Chris Graham is Mississippi's Commissioner of Revenue, and except to further state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint.

16.     Except to state that the Commissioner of Revenue is a member of the License Tag Commission, and except to further state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint.

17.     Except to state that Tate Reeves is Governor of the State of Mississippi, and except to further state that the Governor is a member of the License Tag Commission, Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Amended Complaint.

18.     Except to state that Lynn Fitch is Attorney General of the State of Mississippi, and except to further state that the Attorney General is a member of the License Tag Commission, Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint.

19.     Except to state that David McRae is Treasurer of the State of Mississippi, and except to further state that the Treasurer is a member of the License Tag Commission, Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint.

20.     Except to state that Sharon Nash Barnett is the Tax Collector for Harrison County, Mississippi, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint and therefore denies the same.

21.     Except to state that Eddie J. Fair is the Tax Collector for Hinds County, Mississippi, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint and therefore denies the same.

22.     Except to state that Kay Pace is the Tax Collector for Madison County, Mississippi, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint and therefore denies the same.

23.     Except to state that Caroline Gilbert is the Tax Collector for Rankin County, Mississippi, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint and therefore denies the same.

## JURISDICTION AND VENUE

24.     The allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint appear to be statements of intent, and as such require no response from Defendant. If, however, Defendant is mistaken in his belief, and a response is necessary and/or the allegations contained

in Paragraph 24 of Plaintiffs' Amended Complaint are intended to or do adversely affect Defendant or anyone affiliated with Defendant, then except to state that the law, where applicable, will speak for itself, Defendant denies all such allegations and specifically denies any alleged "deprivation . . . of rights" in the premises.

25.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint.

26.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint.

27.    Except to state that venue is proper, if at all, in the Southern District of Mississippi, and except to further state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint.

28.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint and specifically denies that Plaintiffs are entitled to any declaratory, injunctive, or other relief in the premises.

## FACTUAL ALLEGATIONS

**Mississippi License Tags**

29.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint.

30.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint.

31.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint.

32.     Defendant admits that Mississippi passenger vehicle owners may choose between the standard license plate design, bearing the great seal of the State of Mississippi, as approved by the License Tag Commission; any alternate license plate design for which they qualify in accordance with State law; and, for an additional fee, any specialty tag design that is presently available. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint.

33.     Defendant denies as alleged the allegations contained in Paragraph 33 of Plaintiffs' Amended Complaint.

34.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Amended Complaint.

35.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint.

36.     Defendant admits that since 2019, Mississippi's standard license plate has displayed the great seal of the State of Mississippi. Defendant further admits that the aforementioned license plate was originally scheduled to be issued in 2017. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 36 of Plaintiffs' Amended Complaint.

37.     Defendant admits on information and belief that the current Mississippi standard license plate design, bearing the great seal of the State of Mississippi, was announced by Governor Phil Bryant on Twitter on or about May 10, 2018. Except to state that the great seal of the State of Mississippi appears as a small watermark in which the words "IN GOD WE TRUST," incorporated in the seal, are not legible or even visible except upon close inspection, Defendant states that the current Mississippi standard license plate design, which will speak for

itself in terms of its appearance, is generally consistent with the description alleged in Paragraph 37 of Plaintiffs' Amended Complaint. Defendant denies the remaining allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint.

38.     Defendant admits the allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint.

39.     Except to state that the great seal of the State of Mississippi appears as a small watermark in which the words "IN GOD WE TRUST," incorporated in the seal, are not legible or even visible except upon close inspection, Defendant denies as alleged the allegations contained in Paragraph 39 of Plaintiffs' Amended Complaint.

40.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Amended Complaint.

41.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 41 and Sub-paragraphs a. through f. of Paragraph 41 of Plaintiffs' Amended Complaint.

42.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint.

43.     Defendant admits that specialty license plates, displaying affiliations preferred by the vehicle owner, are available for an additional annual fee. Defendant further admits that additional annual fees vary between specialty license plates, and that multiple specialty license plates are available for an additional annual fee of $33.00. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint.

44.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint.

45.     Whether the words "IN GOD WE TRUST" constitute a "substantive message" as alleged in Paragraph 45 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant admits that a license plate design that does not include the great seal of the State of Mississippi is available for farm vehicles. Defendant further admits that the license plate issued for certain "oversized" vehicles does not include the great seal of the State of Mississippi. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 45 of Plaintiffs' Amended Complaint.

**The Substantive, Ideological, Religious Message of the 2019 Standard Mississippi License Tag Design**

46.     Except to state that any statements of Governor Phil Bryant, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint and therefore denies the same.

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48.     Except to state that any statements of Michael Watson, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint and therefore denies the same.

49.     Defendant admits that Michael Watson currently serves as Mississippi's Secretary of State. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint and therefore denies the same.

50.     Except to state that any statements of Mississippi legislators, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint and therefore denies the same.

51.     Except to state that any statements of Lieutenant Governor Tate Reeves, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint and therefore denies the same.

52.     Except to state that any statements of Governor Phil Bryant, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint and therefore denies the same.

53.     Except to state that any statements of Governor Phil Bryant, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint and therefore denies the same.

54.     Except to state that any statements of Governor Phil Bryant, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information

sufficient to form a belief as to the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint and therefore denies the same.

55.     Except to state that any statements of State Representative Tom Miles, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint and therefore denies the same.

56.     Except to state that any statements of Governor Phil Bryant, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint and therefore denies the same.

57.     Except to state that any statements of Lieutenant Governor Tate Reeves, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint and therefore denies the same.

58.     Whether the words "IN GOD WE TRUST" constitute an "ideological, religious . . . message" as alleged in Paragraph 58 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Except to state that any statements of Governor Tate Reeves, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint and therefore denies the same.

59.     Except to state that any statements of Governor Tate Reeves, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information

sufficient to form a belief as to the allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint and therefore denies the same.

60.     Except to state that any statements of Governor Tate Reeves, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint and therefore denies the same.

61.     Except to state that any statements of Governor Tate Reeves, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint and therefore denies the same.

62.     Except to state that any statements of Attorney General Lynn Fitch, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint and therefore denies the same.

63.     Whether the words "IN GOD WE TRUST" constitute a "substantive, ideological, religious message" as alleged in Paragraph 63 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant otherwise denies the allegations contained in Paragraph 63 of Plaintiffs' Amended Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint.

65.     Except to state that any statements of Governor Tate Reeves, if proven, will speak for themselves in terms of their content, Defendant is without knowledge or information

sufficient to form a belief as to the allegations contained in Paragraph 65 of Plaintiffs' Amended Complaint and therefore denies the same.

66.     The allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint are not directed to any alleged conduct of Defendant and therefore require no response from Defendant. If, however, Defendant is mistaken in his belief, and a response is necessary and/or the allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint are intended to or do adversely affect Defendant or anyone affiliated with Defendant, then Defendant states that he is without knowledge or information sufficient to form a belief as to such allegations and therefore denies the same.

67.     The allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint are not directed to any alleged conduct of Defendant and therefore require no response from Defendant. If, however, Defendant is mistaken in his belief, and a response is necessary and/or the allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint are intended to or do adversely affect Defendant or anyone affiliated with Defendant, then Defendant states that he is without knowledge or information sufficient to form a belief as to such allegations and therefore denies the same,

68.     The allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint are not directed to any alleged conduct of Defendant and therefore require no response from Defendant. If, however, Defendant is mistaken in his belief, and a response is necessary and/or the allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint are intended to or do adversely affect Defendant or anyone affiliated with Defendant, then Defendant states that he is without knowledge or information sufficient to form a belief as to such allegations and therefore denies the same.

69.     The allegations contained in Paragraph 69 of Plaintiffs' Amended Complaint are not directed to any alleged conduct of Defendant and therefore require no response from Defendant. If, however, Defendant is mistaken in his belief, and a response is necessary and/or the allegations contained in Paragraph 69 of Plaintiffs' Amended Complaint are intended to or do adversely affect Defendant or anyone affiliated with Defendant, then Defendant states that he is without knowledge or information sufficient to form a belief as to such allegations and therefore denies the same.

70.     The allegations contained in Paragraph 70 of Plaintiffs' Amended Complaint are not directed to any alleged conduct of Defendant and therefore require no response from Defendant. If, however, Defendant is mistaken in his belief, and a response is necessary and/or the allegations contained in Paragraph 70 of Plaintiffs' Amended Complaint are intended to or do adversely affect Defendant or anyone affiliated with Defendant, then Defendant states that he is without knowledge or information sufficient to form a belief as to such allegations and therefore denies the same.

71.     Defendant denies that the national motto, "IN GOD WE TRUST," is "intended to convey [a] hostile, exclusionary message" as alleged in Paragraph 71 of Plaintiffs' Amended Complaint. The remaining allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint are not directed to the conduct of Defendant and therefore require no response from Defendant. If, however, Defendant is mistaken in his belief, and a response is necessary and/or the remaining allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint are intended to or do adversely affect Defendant or anyone affiliated with Defendant, then Defendant states that he is without knowledge or information sufficient to form a belief as to such allegations and therefore denies the same.

**Plaintiffs**

<u>Jason Alan Griggs</u>

72.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 of Plaintiffs' Amended Complaint and therefore denies the same.

73.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint and therefore denies the same.

74.     Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff Jason Alan Griggs "objects to displaying "IN GOD WE TRUST" on his vehicles" as alleged in Paragraph 74 of Plaintiffs' Amended Complaint and therefore denies this allegation. Defendant denies the remaining allegations contained in Paragraph 74 of Plaintiffs' Amended Complaint.

75.     Except to state that Defendant has no record of any complaints made by Plaintiff Jason Alan Griggs, Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Amended Complaint.

76.     Whether the words "IN GOD WE TRUST" constitute an "ideological, religious message" as alleged in Paragraph 76 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 76 of Plaintiffs' Amended Complaint and therefore denies the same.

77.     Defendant denies that the great seal of the State of Mississippi, or any part thereof, constitutes a "preferred message" as alleged in Paragraph 77 of Plaintiffs' Amended

Complaint. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint.

78.     Defendant denies that there is no alternative license plate that may be used on a trailer. Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 78 of Plaintiffs' Amended Complaint and therefore denies the same.

Derenda Hancock

79.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 79 of Plaintiffs' Amended Complaint and therefore denies the same.

80.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80 of Plaintiffs' Amended Complaint and therefore denies the same.

81.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of Plaintiffs' Amended Complaint and therefore denies the same.

82.     Except to state that Defendant has no record of any complaints made by Plaintiff Derenda Hancock, Defendant denies the allegations contained in Paragraph 82 of Plaintiffs' Amended Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of Plaintiffs' Amended Complaint.

84.     Whether the words "IN GOD WE TRUST" constitute an "ideological, religious message" as alleged in Paragraph 84 of Plaintiffs' Amended Complaint calls for a legal

conclusion and accordingly requires no response from Defendant. Defendant denies any alleged "preferred" message. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 84 of Plaintiffs' Amended Complaint and therefore denies the same.

85.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 85 of Plaintiffs' Amended Complaint and therefore denies the same.

86.     Whether the words "IN GOD WE TRUST" constitute an "ideological, religious message" as alleged in Paragraph 86 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant denies any alleged "preferred" message. Defendant further denies any remaining allegations contained in paragraph 86 of Plaintiffs' Amended Complaint and specifically denies Plaintiff Derenda Hancock was required to do anything "a[s] a result of the Defendants' actions."

87.     Defendant denies that the great seal of the State of Mississippi, or any part thereof, constitutes a "preferred message" as alleged in Paragraph 87 of Plaintiffs' Amended Complaint. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 87 of Plaintiffs' Amended Complaint.

88.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88 of Plaintiffs' Amended Complaint and therefore denies the same.

Leslie Kim Gibson

89.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 89 of Plaintiffs' Amended Complaint and therefore denies the same.

90.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 90 of Plaintiffs' Amended Complaint and therefore denies the same.

91.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 91 of Plaintiffs' Amended Complaint and therefore denies the same.

92.     Except to state that Defendant has no record of any complaints made by Plaintiff L. Kim Gibson, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 92 of Plaintiffs' Amended Complaint and therefore denies the same.

93.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 93 of Plaintiffs' Amended Complaint and therefore denies the same.

94.     Whether the words "IN GOD WE TRUST" constitute an "ideological, religious message" as alleged in Paragraph 94 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant denies any alleged "preferred" message. Defendant further denies any remaining allegations contained in paragraph 94 of Plaintiffs' Amended Complaint and specifically denies that Plaintiff L. Kim Gibson was required to do anything "[a]s a result of the Defendants' actions."

04026725                                    19

95.     Defendant denies that the great seal of the State of Mississippi, or any part thereof, constitutes a "preferred message" as alleged in Paragraph 95 of Plaintiffs' Amended Complaint. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 95 of Plaintiffs' Amended Complaint.

96.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 96 of Plaintiffs' Amended Complaint and therefore denies the same.

Mississippi Humanist Association

97.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 97 of Plaintiffs' Amended Complaint and therefore denies the same.

98.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 98 of Plaintiffs' Amended Complaint and therefore denies the same.

99.     Whether the words "IN GOD WE TRUST" constitute an "ideological, religious message" as alleged in Paragraph 99 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant denies any alleged "coerc[ion]." Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 99 of Plaintiffs' Amended Complaint and therefore denies the same.

100.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 100 of Plaintiffs' Amended Complaint and therefore denies the same.

101.    Whether the words "IN GOD WE TRUST" constitute an "ideological, religious message" as alleged in Paragraph 101 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant denies any alleged "coerc[ion]" and any alleged "preferred" message. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 101 of Plaintiffs' Amended Complaint.

102.    Whether the words "IN GOD WE TRUST" constitute an "ideological, religious message" as alleged in Paragraph 102 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant otherwise denies the allegations contained in Paragraph 102 of Plaintiffs' Amended Complaint and specifically denies any alleged "coercion" and any alleged "preferred" message.

103.    Defendant denies the allegations contained in Paragraph 103 of Plaintiffs' Amended Complaint.

104.    Defendant denies that the great seal of the State of Mississippi, or any part thereof, constitutes a "preferred message" as alleged in Paragraph 104 of Plaintiffs' Amended Complaint. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 104 of Plaintiffs' Amended Complaint.

American Atheists, Inc.

105.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 105 of Plaintiffs' Amended Complaint and therefore denies the same.

106.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 of Plaintiffs' Amended Complaint and therefore denies the same.

107.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107 of Plaintiffs' Amended Complaint and therefore denies the same.

108.    Whether the words "IN GOD WE TRUST" constitute an "ideological, religious message" as alleged in Paragraph 108 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant denies any alleged "coerc[ion]." Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 108 of Plaintiffs' Amended Complaint and therefore denies the same.

109.    Whether the words "IN GOD WE TRUST" constitute an "ideological message" as alleged in Paragraph 109 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant denies any alleged "preferred" message. Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 109 of Plaintiffs' Amended Complaint and therefore denies the same.

110.    Whether the words "IN GOD WE TRUST" constitute an "ideological, religious message" as alleged in Paragraph 110 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant denies any alleged "coerc[ion]" and any alleged "preferred" message. Except to state that the law, where applicable,

will speak for itself, Defendant denies the remaining allegations contained in Paragraph 110 of Plaintiffs' Amended Complaint.

111.    Whether the words "IN GOD WE TRUST" constitute an "ideological, religious message" as alleged in Paragraph 111 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant otherwise denies the allegations contained in Paragraph 111 of Plaintiffs' Amended Complaint, and Defendant further specifically denies any alleged "coercion" and any alleged "preferred" message.

112.    Defendant denies the allegations contained in Paragraph 112 of Plaintiffs' Amended Complaint.

113.    Defendant denies that the great seal of the State of Mississippi, or any part thereof, constitutes a "preferred message" as alleged in Paragraph 113 of Plaintiffs' Amended Complaint. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 113 of Plaintiffs' Amended Complaint.

## CAUSES OF ACTION
### Count 1: Violation of the Free Speech Clause
### of the First Amendment of the U.S. Constitution
### (42 U.S.C. § 1983)

114.    Defendant adopts and incorporates by reference his defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 114 of Plaintiffs' Amended Complaint.

115.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 115 of Plaintiffs' Amended Complaint.

116.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 116 of Plaintiffs' Amended Complaint.

117.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 117 of Plaintiffs' Amended Complaint.

118.    Defendant denies the allegations contained in Paragraph 118 of Plaintiffs' Amended Complaint.

119.    Whether the words "IN GOD WE TRUST" constitute an "ideological message" as alleged in Paragraph 119 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 119 of Plaintiffs' Amended Complaint.

120.    Whether the words "IN GOD WE TRUST" constitute an "ideological message" as alleged in Paragraph 120 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 120 of Plaintiffs' Amended Complaint.

121.    Whether the words "IN GOD WE TRUST" constitute an "ideological message" as alleged in Paragraph 121 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 121 of Plaintiffs' Amended Complaint.

122.    Whether the words "IN GOD WE TRUST" constitute "ideological and religious content" as alleged in Paragraph 122 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant is without

knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 122 of Plaintiffs' Amended Complaint and therefore denies the same.

123.    Whether the words "IN GOD WE TRUST" constitute an "ideological message" as alleged in Paragraph 123 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 123 of Plaintiffs' Amended Complaint.

124.    Whether the words "IN GOD WE TRUST" constitute an "ideological message" as alleged in Paragraph 124 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 124 of Plaintiffs' Amended Complaint.

125.    Whether the words "IN GOD WE TRUST" constitute an "ideological message" as alleged in Paragraph 125 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 125 of Plaintiffs' Amended Complaint.

126.    Defendant denies the allegations contained in Paragraph 126 of Plaintiffs' Amended Complaint.

127.    Defendant denies the allegations contained in Paragraph 127 of Plaintiffs' Amended Complaint.

128.     Defendant denies the allegations contained in Paragraph 128 of Plaintiffs' Amended Complaint and specifically denies that she or anyone affiliated with her has committed any alleged "unconstitutional acts" in the premises.

129.     Defendant denies the allegations contained in Paragraph 129 of Plaintiffs' Amended Complaint and specifically denies any alleged violation of Plaintiffs' constitutional rights, and Defendant further specifically denies that Plaintiffs, or any of them, are entitled to an injunction or other relief in the premises.

130.     Defendant denies the allegations contained in Paragraph 130 of Plaintiffs' Amended Complaint and specifically denies any alleged violation of Plaintiffs' constitutional rights, and Defendant further specifically denies that Plaintiffs, or any of them, are entitled to an injunction or other relief in the premises.

131.     Defendant denies the allegations contained in Paragraph 131 of Plaintiffs' Amended Complaint and specifically denies any alleged violation of Plaintiffs' constitutional rights, and Defendant further specifically denies that Plaintiffs, or any of them, are entitled to an injunction or other relief in the premises.

**Count 2: Violation of the Free Exercise Clause
of the First Amendment to the U.S. Constitution
(42 U.S.C. § 1983)**

132.     Defendant adopts and incorporates by reference his defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 132 of Plaintiffs' Amended Complaint.

133.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 133 of Plaintiffs' Amended Complaint.

134.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 134 of Plaintiffs' Amended Complaint.

135.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 135 of Plaintiffs' Amended Complaint.

136.     Whether the words "IN GOD WE TRUST" constitute a "religious message" as alleged in Paragraph 136 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant otherwise denies the allegations contained in Paragraph 136 of Plaintiffs' Amended Complaint and specifically denies any alleged "coerc[ion]."

137.     Whether the words "IN GOD WE TRUST" constitute a "religious message" as alleged in Paragraph 137 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 137 of Plaintiffs' Amended Complaint.

138.     Whether the words "IN GOD WE TRUST" constitute a "religious message" as alleged in Paragraph 138 of Plaintiffs' Amended Complaint calls for a legal conclusion and accordingly requires no response from Defendant. Defendant denies any alleged "preferred" message. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 138 of Plaintiffs' Amended Complaint.

139.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 139 of Plaintiffs' Amended Complaint and specifically denies any alleged violation of Plaintiffs' constitutional rights.

140.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 140 of Plaintiffs' Amended Complaint.

141.     Defendant denies the allegations contained in Paragraph 141 of Plaintiffs' Amended Complaint and specifically denies that he or anyone affiliated with him has committed any alleged "unconstitutional acts" in the premises.

142.     Defendant denies the allegations contained in Paragraph 142 of Plaintiffs' Amended Complaint and specifically denies any alleged violation of Plaintiffs' constitutional rights, and Defendant further specifically denies that Plaintiffs, or any of them, are entitled to an injunction or other relief in the premises.

143.     Defendant denies the allegations contained in Paragraph 143 of Plaintiffs' Amended Complaint and specifically denies any alleged violation of Plaintiffs' constitutional rights, and Defendant further specifically denies that Plaintiffs, or any of them, are entitled to an injunction or other relief in the premises.

144.     Defendant denies the allegations contained in Paragraph 144 of Plaintiffs' Amended Complaint and specifically denies any alleged violation of Plaintiffs' constitutional rights, and Defendant further specifically denies that Plaintiffs, or any of them, are entitled to an injunction or other relief in the premises.

Defendant denies the allegations contained in the unnumbered paragraph and Sub-paragraphs A. through F. thereunder, following Paragraph 144 of Plaintiffs' Amended Complaint under the heading "**REQUEST FOR RELIEF**," and Defendant further denies that Plaintiffs, or anyone, are entitled to a judgment, declaratory relief, injunctive relief, damages, attorneys' fees, interest, or costs, or to any sum or relief whatsoever of, from, or against Defendant herein. Any allegations in the entirety of the Amended Complaint not expressly admitted above are denied.

## ELEVENTH DEFENSE

Defendant denies each and every allegation of Plaintiffs' Amended Complaint by which Plaintiffs seek to impose liability upon Defendant and/or secure declaratory relief, injunctive relief, or other relief, and Defendant denies that he or the Mississippi Department of Revenue's employees or agents have been or can be guilty of any actionable conduct in the premises.

## TWELFTH DEFENSE

Defendant invokes any and all rights and protections afforded to Defendant by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove.

## THIRTEENTH DEFENSE

Defendant invokes all applicable statutes of limitations and the doctrine of laches in bar of Plaintiffs' claims.

## FOURTEENTH DEFENSE

Defendant reserves the right to amend his answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery. Defendant does not waive and further reserves any and all affirmative defenses set forth in state or federal law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, Federal Rules of Civil Procedure, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Amended Complaint filed against her herein, Defendant Caroline Gilbert, in Her Official Capacity as Tax Collector of Rankin County, Mississippi, respectfully requests that she be dismissed with prejudice from this action with her costs assessed to Plaintiffs.

Dated: December 27, 2021.

04026725

29

Respectfully submitted,

**CAROLINE GILBERT, IN HER OFFICIAL CAPACITY AS TAX COLLECTOR OF RANKIN COUNTY, MISSISSIPPI**

*/s/ Matthew W. Allen*
One of Her Attorneys

OF COUNSEL:

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
William Trey Jones, III, MSB No. 99185
Matthew W. Allen, MSB No. 101605
Post Office Drawer 119
Jackson, Mississippi  39205
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902
tjones@brunini.com
mwallen@brunini.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's electronic filing system and thereby served on all counsel of record who have entered their appearance in this action to date.

Dated: December 27, 2021.

*/s/ Matthew W. Allen*

04026725                                              30